Case 2:17-cv-00118   Document 21   Filed on 04/20/18 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTER MICHAEL KOBYLARZ JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-118 |
| | § | |
| NANCY A BERRYHILL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMEDATION

On February 22, 2018, following an unopposed motion for remand filed by Defendant, the Court entered final judgment remanding this case to the Commissioner of Social Security for further proceedings (D.E. 16). On March 23, 2018, Plaintiff filed an application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA)(D.E. 19). Plaintiff seeks fees and costs in the amount of $3,994.61. Defendant filed a response on March 27, 2018 in which she stated that she is not opposed to the award of attorney's fees and costs in the amount sought by Plaintiff (D.E. 20). Defendant asks the Court to order the Deputy Commissioner to make payment directly to Plaintiff in care of Plaintiff's attorney.

### APPLICABLE LAW

In a civil suit brought against the United States or one of its agencies, the prevailing party is entitled to reasonable attorney's fees and costs under the EAJA, unless the Court finds that the position of the government was substantially justified or the presence of special circumstances make an award unjust. 28 U.S.C. § 2412. Plaintiff

seeks EAJA fees for 4.30 hours of attorney work at the rate of $190.30 per hour and for 13.40 hours of attorney work at the rate of $192.80 per hour.

### A.  Prevailing party

The District Court remanded the case to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further consideration in accordance with the law (D.E. 16).  A social security claimant is a prevailing party under such circumstances. *Shalala v. Shaefer*, 509 U.S. 292, 113 S.Ct. 2625, 2631-32 (1993).

### B. Eligibility for Award

Plaintiff's counsel asserts that upon information and belief, Plaintiff is eligible to receive an award of fees and expenses under 28 U.S.C. § 2412(d)(2)(B).[1]  Defendant has not argued to the contrary.

### C.  Position of the Government

For an award of fees under EAJA, Plaintiff must show that the position of the government was not substantially justified.  28 U.S.C. § 2412(d)(1)(A).  To be substantially justified, the United States' position must have a "reasonable basis both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).  Put another way, "substantially justified" means "justified to a degree that could satisfy a reasonable person."  *Id.*  It is more than merely undeserving of sanctions for frivolousness, but less than "clearly and convincingly justified."  *Id.* at 566, 568.  Plaintiff's claim was remanded pursuant to the fourth sentence of 42 U.S.C. § 405 (g), for

---

[1] Under the statute, a "party" seeking EAJA fees is an individual whose net worth does not exceed $2,000,000 at the time civil action was filed.  28 U.S.C. § 2412(d)(2)(B).

further administrative action.  Defendant does not argue that the position of the Commissioner was substantially justified.

### D.  Number of Hours Spent

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  Also, the district court should exclude from the initial fee calculation hours that were not reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982).  "To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary."  *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984).

Counsel requests compensation for 18.70 attorney hours (Ex. 2 to Pet. for Att. Fees, D.E. 19 at pp. 14-15).  The time spent appears reasonable in view of the size of the administrative record and the detailed legal and factual arguments raised in Plaintiff's briefs.

### E.  Hourly Rate for Attorney Fees

Plaintiff seeks EAJA fees at the rate of $190.30 per hour for work done in 2017 and $192.80 per hour for work done in 2018 (D.E. 19 at p. 7).  The EAJA provides that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.

*Hall v. Shalala*, 50 F.3d. 367, 370 (5th Cir. 1995). The cost-of-living adjustment has always been based upon the Consumer Price Index (CPI) furnished by the Bureau of Labor Statistics. *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992). In *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), the Fifth Circuit Court of Appeals found that Congress intended to provide an allowance for a cost-of-living increase, although the statute does not absolutely require it. Except in unusual circumstances, if there is a significant difference in the cost of living since the setting of the basic hourly rate that would justify an increase in the fee, an increase should be granted. The rule does not require that fee awards track the cost-of-living index for the geographical area, although it is a significant indicator. Rates should be increased only to the extent necessary to ensure an adequate source of representation and should not exceed the percentage by which the market rate attorneys's fees have increased since the enactment of the statute. *Id.* at 1084. *See also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation; this expectation will not be realized, however, if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees.")

Plaintiff's attorney calculates the cost of living adjustment pursuant to the EAJA to be $190.30 per hour for work done in 2017 and $192.80 per hour for work done in 2018. This hourly rate correctly reflects the cost of living adjustment for the years 2017 and

2018.[2] Under this adjusted rate, the attorney fees for hours worked are calculated as 4.30 hours worked in 2017 multiplied by $190.30, which equals $818.29, and 14.40 hours worked in 2018, multiplied by $192.80, which equals $2,776.32. It is respectfully recommended that the Court find that Plaintiff is entitled to attorney fees in the amount of $3,594.61.

### F. Court Costs and Expenses

Plaintiff seeks reimbursement of court costs in the amount of $400 for the filing fee. EAJA authorizes reimbursement for costs and reasonable expenses. 28 U.S.C. §§ 2412(a) & 2412(d)(1)(A). Costs are those items enumerated in 28 U.S.C. § 1920 and include court filing fees. It is recommended that Plaintiff's request for reimbursement of costs in the amount of $400.00 be granted.

### G. Payment Made to Plaintiff

Defendant asks that the Deputy Commissioner be ordered to make payment directly to the Plaintiff in care of Plaintiff's attorney. In *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), the Supreme Court held that a fee award under EAJA must be paid directly to the claimant who is the prevailing party in the case. Accordingly, it is recommended that

---

[2] The CPI for the Dallas/Fort Worth/Arlington, Texas geographic area for all urban consumers in April 1996, the month and year in which the $125.00 EAJA rate became effective, was 148.5. The annual CPI for the area in 2017 was 226.103. The rate has increased 52.25 percent (226.103 - 148.5 = 77.063; 77.603 ÷ 148.5 = .5225 or a 52.25% increase). A 52% increase from $125 per hour equals $190.31 per hour, rounded down to $190.30. The CPI in January 2018 was 229.132. Using the same calculation, a CPI of 229.132 represents an increase of 54.29%. A 54.29% increase from $125 per hour equals $192.86 per hour, rounded down to $192.80.

payment of EAJA fees and costs be made payable to Plaintiff and mailed "in care of" Plaintiff's attorney to the attorney's office.

### RECOMMENDATION

For the above-stated reasons, it is respectfully recommended that Plaintiff's Motion for Attorney's Fees (D.E. 19) be granted. It is recommended that Plaintiff be awarded attorney's fees in the amount of $3,594.61. In addition, it is recommended that Plaintiff be awarded costs in the amount of $400.00. In total, it is recommended that Plaintiff be awarded $3,994.61 in attorney's fees and costs. Payment of EAJA fees and costs should be made payable to Plaintiff and mailed "in care of" Plaintiff's attorney to the attorney's office.

Respectfully recommended this 20th day of April, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).